Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
         mona@kazlg.com
*Attorneys for Plaintiff, Regina Bailey*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| REGINA BAILEY, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| HCA HEALTHCARE, INC., | |
| Defendant. | |

Plaintiff Regina Bailey, individually and on behalf of all others similarly situated ("Plaintiff"), files this Class Action Complaint for damages, injunctive relief, equitable relief, and any other relief deemed just and proper arising from Defendant HCA HEALTHCARE, INC.'s ("Defendant") violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq*. Plaintiff makes the following allegations based on her personal knowledge and upon information and belief. The allegations pertaining specifically to Plaintiff are based on Plaintiff's personal knowledge.

## SUMMARY OF THE CLAIMS

1. Under the reasonable restrictions of the TCPA, Defendant HCA Healthcare, Inc. ("Defendant") is prohibited from using a prerecorded or artificial voice message to call a cellular telephone number without the recipient's prior express consent.

2. Nevertheless, in attempt to collect a debt Plaintiff Regina Bailey ("Plaintiff") did not owe, Defendant placed approximately forty (40) calls to Plaintiff using an artificial or prerecorded voice message, without Plaintiff's prior express consent.

3. To enforce the TCPA, recover statutory damages, and end Defendant's violations, Plaintiff brings this action as a class action on behalf of similarly situated persons who also received unlawful calls from the Defendant.

## PARTIES

4. Plaintiff is a natural person residing in this District.

5. Defendant is a Delaware corporation with its principal place of business in Nashville, Tennessee.

## JURISDICTION & VENUE

6. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. §§ 227, *et seq.*; *Mims v. Arrow Fin. Services*, LLC, 132 S. Ct. 740 (2012). This Court also has subject matter jurisdiction under the Class Action Fairness Act because at least one member of the class (as alleged herein) is a citizen of a different state than the Defendant; there are more than 100 members of the class; and the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

7. Personal jurisdiction is proper over the Defendant because the calls were placed to the Plaintiff in this District.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) in this District because a substantial part of the events or omissions giving rise to the claims occurred in this

District – specifically, where Plaintiff received Defendant's illegal debt collection calls.

## TCPA BACKGROUND

9. Congress enacted the TCPA in 1991 to regulate the explosive growth of the telemarketing industry and protect citizens from the nuisance and invasion of privacy caused by unwanted telephone calls, described by the TCPA's chief sponsor as the "scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

10. According to the Federal Trade Commission's December 2019 Biennial Report to Congress, the emergence of new communications technologies has caused the number of illegal telemarketing calls to explode in recent years. Consumer complaints to the FTC about illegal calls have skyrocketed over the last 10 years, growing from about 63,000 per month in 2009 to an average of more than 315,000 per month in 2019.

11. The sheer volume of illegal telemarketing overwhelms the enforcement efforts of government agencies such as the FTC and the Federal Communications Commission. Consequently, private consumer enforcement actions play a critical role in combatting illegal telemarketing. 47 U.S.C. § 227(c).

12. Title 47 U.S.C. § 227(b) regulates so-called "robocalls" – calls using an artificial or prerecorded voice.

13. Specifically, the TCPA prohibits telemarketers and businesses from making any telephone call to a consumer's cellular telephone line using an artificial or prerecorded voice to deliver a message without the recipient's prior express consent. 47 U.S.C. § 227(b)(A).

14. The TCPA's Congressional Statement of Findings found that "the evidence to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call[.]" 47 U.S.C. § 227.

15. The FCC has explained that prerecorded calls are prohibited absent prior express consent because, as Congress found, prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and they can be costly and inconvenient for the consumer.

16. Prior express consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using . . . an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 464.1200(f)(8).

17. Persons who receive calls in violation of these provisions of the TCPA may bring an action to recover the greater of the monetary loss caused by the violation, or $500. 47 U.S.C § 227(b)(3). If the Court finds Defendant willfully or knowingly violated the TCPA, it may award treble damages and increase the award to up to $1,500 per violation. *Id.*

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates the above paragraphs by reference as though fully stated herein.

19. Plaintiff is the regular and sole user of her cellular telephone number XXX-XXX-5692.

20. Plaintiff did not give Defendant prior express consent to receive prerecorded voice messages on her cellular telephone number XXX-XXX-5692.

21. Nevertheless, starting approximately December 2018, Defendant began placing debt collection calls to Plaintiff's cellular telephone using prerecorded messages.

22. Plaintiff has never had an account with Defendant, and did not owe the alleged debt Defendant was attempting to collect.

23. Each call to Plaintiff contained the following prerecorded voice message:

> Hello. This is Valley Health System Business office calling with an important message for Princess Madison. If you have recently made a payment, please disregard this notice. please contact us at 888-515-7197. Our office hours are Monday through Friday, 8:00 AM to 4:00 PM Pacific Standard Time. Again, that number is 888-515-7197. Thank you, goodbye.

24. Defendant's calls to Plaintiff were annoying, an invasion of Plaintiff's privacy, time-consuming, and frustrating; drained the battery on her cell phone; caused wear and tear on her cell phone; and caused her to incur certain service charges.

25. On information and belief, Defendant regularly places debt collection calls to consumers using prerecorded messages identical or similar to the prerecorded message above.

**Standing**

26. Plaintiff has standing under Article III of the Constitution for Plaintiff's claims because (i) Plaintiff properly alleges injuries in fact, (ii) which are traceable to Defendants' unlawful acts, and (iii) are likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016).

27. Plaintiff has suffered a concrete injury has Defendant made unsolicited telephone calls using a prerecorded voice to Plaintiff's cellular telephone in attempt to collect an alleged debt which Plaintiff did not personally owe. These calls from Defendant were a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

28. Plaintiff's injury is particularized as Defendant invaded Plaintiff's privacy by placing unsolicited prerecorded voice calls to her cellular. Plaintiff became distracted, annoyed, and aggravated by Defendant's unsolicited prerecorded voice call(s) in violation of the TCPA. All of these injuries are particularized and

specific to Plaintiff, and are the same injuries suffered by each member of the putative class.

29. Plaintiff has suffered injury in fact traceable to Defendant's telephone calls made to Plaintiff utilizing a prerecorded voice without Plaintiff's prior express consent.

30. Plaintiff's injury is redressable by judicial order as Plaintiff's Prayer for Relief includes a request for damages for the calls Defendant made to Plaintiff and the members of the class, as authorized by statute. *See* 47 U.S.C. § 227(b)(3). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and the class members.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) as a representative of the following class:

> All persons within the United States who, within the four years prior to the filing of this action, (1) received a non-emergency phone call from or on behalf of Defendant, (2) to their cellular telephone line, (3) using an artificial or prerecorded voice, (4) without prior express consent or after revoking consent.

32. Excluded from the class is Defendant, any entities in which Defendant have a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned, and any member of that Judge's staff and immediate family.

33. The proposed class members are identifiable through phone records and phone number databases that will be obtained through discovery.

34. Plaintiff and members of the proposed class were harmed by the Defendant's acts in at least the following ways: Defendant illegally contacted Plaintiff and the members of the class with annoying and harassing nuisance prerecorded calls, invading the privacy of the Plaintiff and class members, and caused wear and tear on Plaintiff's and prospective class members' phones.

35. Plaintiff is a member of the class.

36. Plaintiff reserves the right to amend the definition of the class if discovery or further investigation reveals that any of the class should be expanded or otherwise modified.

37. *Ascertainability*: Names and addresses of members of the class are available from Defendant's records. Notice can be provided to the members of the class through direct mailing, publication, or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under the TCPA.

38. *Commonality*: There are questions of law and fact common to all class members, including:

    a. Whether the calls were placed without obtaining the recipients' valid prior express written consent;

    b. Whether the calls played a prerecorded message;

    c. Whether Defendants' conduct was negligent, willful, or knowing;

    d. Whether Plaintiff and the class members are entitled to statutory damages because of Defendant's actions and the amount of such damages;

    e. Whether Defendant should be enjoined from engaging in such conduct in the future; and

39. *Numerosity*: The exact number of class members is unknown to Plaintiff at this time and can only be determined through discovery. However, given the capabilities of the telephone systems used to place and process prerecorded message calls, the number of class members likely is in the thousands. Therefore, the class is sufficiently numerous such that individual joinder of all members is impracticable.

40. *Typicality*: Plaintiff's claims are based on the same facts and legal theories and are, therefore, typical of the claims of the other class members which Plaintiff seeks to represent under Federal Rule of Civil Procedure 23(a)(3). Plaintiff and each class member received calls on their cellular telephone lines from Defendant using a prerecorded message without their prior express consent. There are no

defenses that Defendant may have that are unique to Plaintiff. Plaintiff has fulfilled all conditions precedent to bring this lawsuit.

41. ***Adequacy***: Plaintiff will fairly and adequately represent and protect the interests of the members of the class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the class because Plaintiff's interests do not conflict, but instead align, with the interests of the members of the class, and Plaintiff is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. ***Superiority***: A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

   a. The expense and burden of individual litigation makes it economically unfeasible for members of the class to seek to redress their claims other than through the procedure of a class action;

   b. If separate actions were brought by individual members of the class, the resulting duplicity of lawsuits would be inefficient and could lead to varying and inconsistent adjudications; and

   c. Absent a class action, Defendant is likely to continue violating the TCPA based on the allegations complained of herein, including particularly defendant Yodel's alleged history as a serial TCPA violator.

43. ***Predominance***: Common questions of law and fact predominate over any questions affecting individual class members, also as alleged above.

44. Defendant, or any affiliates, subsidiaries, or agents of Defendant have acted in concert on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.

# CLAIMS FOR RELIEF

## Count One:

## Violation of the TCPA's provisions prohibiting

## unconsented prerecorded calls to cellular telephone lines

45. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

46. Defendant violated the TCPA, either directly or through the actions of others, by initiating a telephone call to Plaintiff's and class members' cellular telephone lines using an artificial or prerecorded voice without prior express consent, all as alleged more fully above. *See* 47 U.S.C. § 227(b)(A).

47. Defendant's violations were willful and/or knowing, also as alleged more fully above.

48. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

# PRAYER FOR RELIEF

Plaintiff, individually and on behalf of all others similarly situated, respectfully requests the following relief:

A. That the Court certify the proposed class as requested;

B. That the Court appoint Plaintiff as representative for the class;

C. That the Court appoint the undersigned as counsel for the class;

D. That the Court enter a judgment permanently enjoining Defendant from engaging in, or relying upon, debt collection calls that violate the TCPA;

E. That the Court enter a judgment requiring Defendant to adopt measures to ensure TCPA compliance;

F. That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendant's compliance with the TCPA;

G. That the Court enter a judgment awarding Plaintiff and each of the class members statutory damages of $500 for each negligent violation of the TCPA and/or $1,500 for each knowing or willful violation of the TCPA;

H. That the Court award pre-judgment and post-judgment interest on all amounts awarded to Plaintiff and members of the class to the extent permitted by law;

I. That the Court enter an order awarding Plaintiff's counsel their reasonable attorneys' fees and costs; and

J. That Plaintiff and all members of the class be granted any other relief that the Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on any and all issues in this action so triable.

DATED this 21st day of September 2021.

> Respectfully submitted,
>
> **KAZEROUNI LAW GROUP, APC**
>
> By: /s/ Mona Amini
> Gustavo Ponce, Esq.
> Mona Amini, Esq.
> 6069 S. Fort Apache Rd., Ste 100
> Las Vegas, NV 89148
> *Attorneys for Plaintiff*