Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email: gustavo@kazlg.com
          mona@kazlg.com

Amanda J. Allen, Esq. (*Pro Hac Vice*)
Florida Bar No. 0098228
**THE CONSUMER PROTECTION FIRM, PLLC**
401 East Jackson Street, Suite 2340
Tampa, Florida. 33602
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com

*Attorneys for Plaintiff, Regina Bailey*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| REGINA BAILEY, individually and on behalf of all others similarly situated, | Case No.: 2:21-cv-01740-RFB-BNW |
| Plaintiff, | **MOTION FOR LEAVE TO AMEND TO ADD AN ADDITIONAL PARTY** |
| vs. | |
| HCA HEALTHCARE, INC.; and VALLEY HEALTH, | |
| Defendants. | |

**COMES NOW**, the Plaintiff, by and through her undersigned counsel, and pursuant to Local Rule 15-1 and Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4), and hereby submits this Motion for Leave to File Amended Complaint to add an additional party. In support of this motion, the Plaintiff states as follows:

1) On September 21, 2021, Plaintiff filed this case asserting Defendant, HCA, Healthcare, Inc., left approximately 40 prerecorded or artificial voice messages to call a cellular telephone number without the recipient's prior express consent (Doc 1).

2) On November 16, 2021, Plaintiff filed a motion to substitute party from HCA Healthcare, Inc. to HCA, Inc. (Doc 16) and that Motion was Granted by the Court.

3) Based on newly found information, Plaintiff believes Valley Health System, LLC is an additional proper Defendant who also placed pre-recorded calls to her cellular phone in an attempt to reach a third party.

4) The parties have conferred to this amendment and HCA, INC. has been unable to agree to the relief sought at this time.

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course within twenty-one (21) days after serving it, or within twenty-one (21) days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, such as in this instance, the party must seek the court's leave or the opposing party's written consent to amend the pleading. See Fed. R. Civ. P. 15(a)(2). The Supreme Court of the United States has unequivocally held that, in instances where leave of court is required for amendment, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added) (internal quotations omitted). "Rule 15(a) prescribes a liberal standard and usually a court will look favorably on requests to amend." *U.S. v. Shaner*, No. Civ. A. 85-1372, 1992 WL 154572, at *1 (E.D. Pa. June 16, 1992); see also *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) ("We have noted that the courts have shown a strong liberality in allowing amendments under Rule 15(a)."); *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-487 (3d. Cir. 1990) ("[W]e have consistently held that leave to amend should be

granted freely."). The Third Circuit has gone so far as to recognize the existence of a "general presumption in favor of allowing a party to amend pleadings." *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). This liberal approach "ensures that a particular claim will be decided on the merits rather than on technicalities." *Dole*, 921 F.2d at 487. However, even with this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith or futility. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir.2000); *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir.2005). If there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Courts have pointed out that no unfair prejudice should be found simply because a party has to defend against a better-pleaded claim.[1]  Where a deficiency could be cured by an amendment, leave to amend should be granted.[2]

## ARGUMENT

As stated above, in light of information Plaintiff recently learned, Plaintiff now moves this Court to grant Plaintiff leave to amend Plaintiff's initial Complaint to include an additional party.  Motions to amend should be granted as justice so requires and Plaintiff is entitled to relief from Defendant based upon a Complaint conforming to the evidence.  As such, justice requires that Plaintiff be granted leave to amend the Complaint.

Motions to amend should only be denied if granting the motion would cause undue surprise or prejudice to the other party. At this stage of litigation and the nature of the requested amendment, Defendant's strategy in defending this matter will be

---

[1] *Popp Telcom, Inc. v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.")

[2] *Lopez v. Smith*, 203 F. 3d 1122, 1130 (9th Cir. 200) (leave to amend should be granted even if not requested).

minimally affected as Defendant and defense counsel have been aware of the additional party and information giving rise to Plaintiff's need to amend the operative Complaint. Additionally, Plaintiff's counsel has reached out to Defendant's counsel several times regarding the necessary amendment to Plaintiff's Complaint, thus, Defendant should not be unduly surprised.

Furthermore, both of the present parties have an interest in seeing that Valley Health System, LLC is included in as a party in this action and held to account for any violations of the law that it may have engaged in. Thus, for the foregoing reasons, Plaintiff requests that the relief requested herein be granted.

## LOCAL RULE LR IA 1-3 (f)

Pursuant to Local Rule IA 1-3 (f), counsel for Plaintiff certifies that she conferred with opposing counsel in good faith and Defendant has been unable to agree to the relief sought herein.

## CONCLUSION

Based on the above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to Amend Plaintiff's Complaint because justice does so require. It would not cause undue surprise or prejudice to the Defendant because it does it substantially change Defendant's defenses. In no way does it cause prejudice to Defendant as Defendant is already preparing to defend this action in relatively the same manner as it would after an amendment to the Complaint. Therefore, in weighing these factors, this Court should grant Plaintiff's Motion for Leave to Amend Plaintiff's Complaint to add Valley Health System, LLC as a defendant.

DATED this 17th day of March 2022.

Respectfully submitted,

/s/ Gustavo Ponce,
Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.

**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email:  gustavo@kazlg.com
           mona@kazlg.com

/s/*Amanda J. Allen.*
Amanda J. Allen, Esq. (*Pro Hac Vice*)
Florida Bar No. 0098228
**THE CONSUMER PROTECTION FIRM, PLLC**
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com

## ORDER

IT IS ORDERED that ECF No. 30 is GRANTED as unopposed. *See* ECF No. 31 ("HCA does not oppose the Motion to Amend given the liberal standard governing amendment.").

IT IS FURTHER ORDERED that Plaintiff must file her amended complaint by 8/19/2022.

**IT IS SO ORDERED**

**DATED:** 5:51 pm, July 18, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 17, 2022, a true copy of the foregoing was filed with the Clerk of the Court and served on the parties of record using the CM/ECF system.

Respectfully submitted,

/s/ *Gustavo Ponce,*
Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email:   gustavo@kazlg.com
             mona@kazlg.com

/s/*Amanda J. Allen.*
Amanda J. Allen, Esq. (*Pro Hac Vice*)
Florida Bar No. 0098228
**THE CONSUMER PROTECTION FIRM, PLLC**
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com